UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY S MOYLAN,

        Plaintiff,

v.

NANCY A BERRYHILL, Deputy Commissioner of Social Security for Operations,

        Defendant.

CASE NO. 3:17-CV-06013-DWC

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Jeffrey S. Moylan filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the Deputy Commissioner of Social Security's ("Commissioner") denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes remand under sentence six is not warranted. The Court further concludes Plaintiff has not shown the Administrative Law Judge ("ALJ") committed harmful error at Step Three of the sequential evaluation process. As the

ALJ's decision finding Plaintiff not disabled is supported by substantial evidence, the Commissioner's decision is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## FACTUAL AND PROCEDURAL HISTORY

On January 13, 2014, Plaintiff filed an application for DIB, alleging disability as of June 30, 2013.[1] *See* Dkt. 7, Administrative Record ("AR") 13. The application was denied upon initial administrative review and on reconsideration. *See* AR 13. ALJ David Johnson held the first hearing in this matter on October 26, 2015. AR 42-55. The ALJ continued that hearing so Plaintiff could obtain representation *See* AR 51-55. After Plaintiff obtained representation, the ALJ held the second hearing on January 28, 2016. AR 58-99. In a decision dated August 30, 2016, the ALJ determined Plaintiff to be not disabled. AR 13-27. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) issuing a decision without records from the Office of Personnel Management ("OPM") related to Plaintiff's disability retirement from the federal government ("the OPM records"); and (2) improperly rating Plaintiff's concentration, persistence, and pace as "mild" at Step Three of the sequential evaluation process. Dkt. 12, pp. 2, 6-14.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

---

[1] Plaintiff subsequently amended his alleged onset date of disability to January 30, 2014. *See* AR 13, 63-64.

## DISCUSSION

**I. Whether remand pursuant to sentence six is warranted.**

Plaintiff argues the ALJ erred by issuing a decision without the OPM records and requests a sentence six remand so the ALJ may reconsider Plaintiff's case with the OPM records once they are obtained. Dkt. 12, p. 2; *see also* Dkt. 12, pp. 6-11.

The Court may order remand pursuant to sentence six of 42 U.S.C. § 405(g) "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *see Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). To show good cause for failure to incorporate the evidence into the record, a plaintiff "must demonstrate that the new evidence was unavailable earlier." *Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001) (citing *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985)). Further, to show the new evidence is material, a plaintiff must demonstrate there is a "'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." *Id.* (quoting *Booz v. Sec. of Health and Human Servs.*, 734 F.2d 1378, 1380-81 (9th Cir. 1984)).

In this case, Plaintiff was previously employed by the federal government in the Social Security Administration ("SSA"). *See* AR 223-28 (earnings records). At the first ALJ hearing, Plaintiff indicated there were OPM records related to his "disability retirement" from the SSA that were not yet in the administrative record. AR 44-46. Plaintiff noted he was "not totally sure" what the records contained. AR 44-46. At the second ALJ hearing, the ALJ inquired into the status of the OPM records to "make sure" the administrative record was complete. AR 62-63. Plaintiff's attorney responded that he would "be happy" to retrieve and submit the OPM records.

AR 62-63. Accordingly, the ALJ left the record open for the submission of additional records. AR 61-63.

Plaintiff submitted evidence to this Court indicating that on January 29, 2016, the day after the second ALJ hearing, Plaintiff's attorney contacted the OPM and requested the OPM records. *See* Dkt. 12-1, pp. 1, 4-5. Plaintiff's attorney received a response that same day, confirming the OPM received the records request. *Id.* at 4. However, Plaintiff's attorney never received the OPM records. *See id.* at 2, 7. Plaintiff's attorney and others at the attorney's office continued to request the OPM records over the next several months. *Id.* at 2, 8-12. On April 5, 2016, Plaintiff's attorney informed the ALJ's office that the OPM records request was still pending. *See id.* at 2, 7. To date, Plaintiff's attorney has not received the OPM records. *Id.* at 2.

On August 30, 2016 – seven months after the second hearing – the ALJ issued his decision. AR 13-27. With respect to the OPM records, the ALJ wrote:

> The record was held open for submission of additional records and the claimant's representative did submit significant records post-hearing but no records from the Office of Personnel Management were submitted. In light of the claimant being granted a disability retirement from a federal government job, it is accepted the claimant was unable to persist at that job. This is consistent with the vocational expert's testimony and the step 4 finding. It does not indicate that the claimant's impairments prevented persisting at other occupations. Therefore, the record is not inadequate or too ambiguous to make a decision[.]

AR 26.

Plaintiff contends the ALJ erred by issuing his decision without the OPM records and remand pursuant to sentence six is warranted because "the OPM records are material evidence and there is good cause for them not being produced at the hearing level." Dkt. 12, p. 2; *see also id.* at 6-11. To have the Court issue a remand pursuant to sentence six, Plaintiff bears the burden of showing "there is a reasonable possibility" the OPM records would have changed the ALJ's decision. *See Mayes*, 276 F.3d at 462. Here, the OPM records are not in the

administrative record, and Plaintiff's attorney was unable to submit the OPM records, so the Court cannot review them. Further, the administrative record lacks information regarding what exactly the OPM records contain. *See, e.g.* AR 45-47 (Plaintiff surmising the OPM records are "disability retirement type records," although he is "not totally sure" what was in them); Dkt. 12, p. 10 (Plaintiff's attorney describing what the OPM records "likely" contain).

Hence, without providing the OPM records or concrete information regarding what the records contain, the Court cannot determine Plaintiff met his burden of showing "there is a reasonable possibility" the OPM records would have changed the ALJ's decision. *See Mayes*, 276 F.3d at 462; *see also Miller v. Berryhill*, --- Fed.Appx. ----, 2018 WL 1979003, at *2 (9th Cir. 2018) (declining to grant a sentence six remand where the claimant did not show "the requisite reasonable possibility that the new evidence would have altered the ALJ's decision"); *Akopyan v. Barnhart*, 296 F.3d 852, 854-55 (9th Cir. 2002) (emphasis added) (noting sentence six remands may be ordered "where new, material evidence *is adduced*" that, for good cause, was not presented to the agency). As such, the Court cannot determine the OPM records are "material" evidence, and Plaintiff has not met the requirements necessary to warrant remand under sentence six of 42 U.S.C. § 405(g).[2]

---

[2] Defendant states Plaintiff suggests the ALJ erred by failing to adequately develop the administrative record. Dkt. 13, pp. 1-3. However, because Plaintiff's brief rests upon his sentence six argument and does not address the ALJ's duty to develop the administrative record, the Court declines to address any such argument. *See* Dkt. 12, pp. 6-11; *see also Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2007) (citation omitted) (the court will not consider an issue that a plaintiff fails to argue "with any specificity in his briefing").

**II.     Whether the ALJ properly rated Plaintiff's concentration, persistence, and pace at Step Three.**

Plaintiff next argues the ALJ erred by rating Plaintiff's concentration, persistence, and pace as "mild" at Step Three of the sequential evaluation process when evaluating Plaintiff's mental impairments for Listings 12.02, 12.04, and 12.06. Dkt. 12, pp. 11-13.

At Step Three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established in order for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999) (citation omitted). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. *See* 20 C.F.R. § 416.920(d).

The burden of proof is on the claimant to establish that he meets or equals any of the impairments in the Listings. *See Tackett*, 180 F.3d at 1098. "A generalized assertion of functional problems," however, "is not enough to establish disability at step three." *Id.* at 1100 (citing 20 C.F.R. § 404.1526). A mental or physical impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508 (effective through March 26, 2017).

Moreover, harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application

of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

In this case, Plaintiff argues the ALJ erred in his application of the "paragraph B" criteria contained in Listings 12.02, 12.04, and 12.06. Dkt. 12, pp. 11-13. To meet the "paragraph B" criteria, Plaintiff's mental impairments must result "in **at least two** of the following:"

    1. **Marked** restriction of activities of daily living; or
    2. **Marked** difficulties in maintaining social functioning; or
    3. **Marked** difficulties in maintaining concentration, persistence, or pace; or
    4. **Repeated** episodes of decompensation, each of extended duration;

20 C.F.R., Part 404, Subpt. P, App. 1, §§ 12.02, 12.04, 12.06 (effective May 24, 2016-Sept. 28, 2016) (emphasis added). A "marked" limitation or restriction is "more than moderate but less than extreme." AR 16; *see also* 20 C.F.R. § 404.1520a(c)(4).

In applying the "paragraph B" criteria, the ALJ found Plaintiff had (1) "**moderate** restriction**" in activities of daily living, (2) "**moderate** difficulties**" in social functioning, (3) "**mild** difficulties**" in concentration, persistence, or pace, and (4) "**no episodes**" of decompensation for an extended duration. AR 16-17 (emphasis added). Thus, the ALJ found Plaintiff did not meet any of the "paragraph B" criteria. AR 16-17.

Plaintiff specifically argues the ALJ erred in finding he had only "mild difficulties" in concentration, persistence, or pace. Dkt. 12, pp. 11-13. Plaintiff does not, however, argue the ALJ erred in finding Plaintiff did not meet any of the other "paragraph B" criteria.[3] *See id.* Hence, because Listings 12.02, 12.04, and 12.06 require meeting at least two of the "paragraph B" criteria, and Plaintiff only argues the ALJ erred in finding Plaintiff did not meet one of these

---

[3] Although Plaintiff briefly mentions "activities daily living" in the Opening Brief, he did not argue this "with any specificity" as a Listings issue. *See* Dkt. 12, p. 13; *Carmickle,* 533 F.3d at 1161 n.2.

criteria, any purported error by the ALJ regarding Plaintiff's concentration, persistence, or pace was harmless. *See Molina*, 674 F.3d at 1115 (an error is harmless if it "did not alter the ALJ's decision"). Therefore, Plaintiff has not shown the ALJ committed harmful error at Step Three.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and this case is dismissed with prejudice. The Clerk is directed to enter judgment for Defendant and close the case.

Dated this 6th day of June, 2018.

David W. Christel
United States Magistrate Judge